RYAN v. MT. VERNON NAT. BANK et al.

(Circuit Court of Appeals, Second Circuit. June 14, 1913.)

No. 245.

BANKS AND BANKING (§ 287*)—PURCHASE OF STOCK—FALSE REPRESENTATIONS —RESCISSION—BILL.

Complainant alleged that in May, 1908, he bought certain shares in a national bank on representations made to him by its officers with reference to its financial condition, that the representations were known to be false by such officers when made, and that they were made with intent to deceive complainant and induce him to purchase, that he was ignorant of the bank's affairs, and bought the shares because he believed the representations and relied on them, and that the stock was represented to be stock not yet originally issued, but was in fact stock then owned by the vice president of the bank. The bank suspended in March, 1911, and, an assessment of $100 a share having been levied by the Comptroller of the Currency, the receiver sued complainant for his proportion of the assessment, which action complainant sought to have perpetually enjoined. Held, that the bank's failure before complainant discovered the fraud was no reason why the suit to rescind could not be brought against the bank, though it made it necessary to add the receiver as a party defendant, and that the bill was not demurrable.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1089–1104, 1126, 1127; Dec. Dig. § 287.*]

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, in favor of defendants, sustaining demurrers to a bill of complaint, as the same was amended, and dismissing the same. The suit is in equity, praying for the cancellation of a contract for the purchase of 50 shares of the capital stock of the bank, upon the ground of fraud practiced upon complainant by the bank inducing the making of such contract.

John C. Wait, of New York City (C. A. Winter, of New York City, of counsel), for appellant.

P. Tillinghast, of New York City, for appellee Mt. Vernon Nat. Bank.

B. Benjamin Schiff, of New York City, for appellee Tillinghast.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Briefly stated the facts are these: In May, 1908, plaintiff bought these shares from the bank, upon representations made to him by its officers with reference to its financial condition, the amount of its surplus earnings, and other material matters concerning its affairs. It is averred that these representations were false, and known to be false by the bank officers when made; that they were made with intent to deceive complainant and to induce him to purchase: that he was ignorant of the affairs of the bank, and bought the shares because he believed the false representations and relied upon them; that the stock was represented to be stock not yet originally issued, but was in fact stock then owned by the vice president of the bank.

The bank suspended business in March, 1911, a receiver was appointed in April, 1911, and on September 11, 1911, an assessment of $100 a share upon its capital stock was levied by the Comptroller of the Currency. The receiver brought an action against complainant to recover his proportion of such assessment. In that action the latter sought to raise the issues of fraud herein alleged as a defense; but, since the federal practice does not allow equitable defenses in actions at law, judgment was entered against him. One of the prayers for relief is that all further proceedings to collect said judgment be perpetually enjoined.

Since no opinion was filed in the District Court, we are unable to determine upon what theory it was that the demurrer to the whole bill was sustained and judgment thereon entered against complainant. So far as we can see, the allegations of the amended bill are sufficiently specific, positive, and clear to make out a case of sale induced by false representations of the agents of the bank to which complainant paid his money and from which he received the stock. Upon proof of the facts alleged he would ordinarily be entitled to rescind the contract of purchase, to return his stock, and demand the purchase price or actual damages. The circumstance that the bank failed and went into the hands of a receiver before complainant discovered the fraud is no reason why such suit may not be brought against the bank, although it makes it necessary to add the receiver as a party defendant. The Supreme Court has expressly held that the only way in which a person, situated as complainant is, "could effectually raise the question of liability as a shareholder, arising from frauds committed by the bank or its officers before its suspension whereby he was induced to become a shareholder, is by a suit in equity against the bank and the receiver." Lantry v. Wallace, 182 U. S. 549, 21 Sup. Ct. 883, 45 L. Ed. 1218.

Something is said in the appellee's brief about complainant's laches and estoppel, but those are matters which can best be considered when the facts are all proved. It seems to us, therefore, that the demurrer should have been overruled. In thus deciding, however, we are not to be understood as intimating any opinion as to whether complainant could be discharged from his liability as a shareholder if the facts stated in his bill were fully proved. The Supreme Court expressly reserv-

ed that question in the case above cited, and it should not be passed upon here until all the facts material to its determination are before the court, as they can be only after joinder of issue and the taking of proofs thereon.

The decree is reversed, with directions to overrule the demurrer with leave to answer.