RYAN v. MT. VERNON NAT. BANK et al.

(Circuit Court of Appeals, Second Circuit. June 22, 1915.)

No. 268.

1. Banks and Banking ☞248—Stockholder's Liability—Fraud in Sale of Stock.

One who bought stock in a national bank from an officer thereof cannot, after the failure of the bank, avoid his liability for the assessment on such stock for the benefit of the bank's creditors because the bank officer fraudulently misrepresented the financial condition of the bank at the time the stock was bought.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 913–915, 919–931; Dec. Dig. ☞248.

Liability of transferors and transferees of corporate stock for assessments, see note to Campbell v. American Alkili Co., 61 C. C. A. 322.]

2. Banks and Banking ☞243—Sale of Stock—Fraud—Evidence.

In a suit to cancel a purchase of national bank stock belonging to an officer of the bank, evidence held not to show that the officer represented that the stock was treasury stock.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 904–908; Dec. Dig. ☞243.]

Appeal from the District Court of the United States for the Southern District of New York.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This cause comes here upon appeal from a decree dismissing a bill in equity. The cause was before us on appeal from a decree sustaining demurrer; the averments of the bill are quite fully set forth in our opinion, which will be found in 206 Fed. 452, 124 C. C. A. 358.

John C. Wait, of New York City (Charles A. Winter, of New York City, of counsel), for appellant.

Barber, Watson & Gibboney, of New York City (Stuart G. Gibboney and George M. Burditt, both of New York City, of counsel), for appellees.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The relief prayed for is as follows:

First. That a certificate owned by complainant purporting to represent 50 shares of the stock of the Mt. Vernon National Bank be canceled and declared null and void.

Second. That all proceedings in an action at law by the receiver of the bank to recover Ryan's proportion of an assessment levied on the stockholders be stayed and a bond canceled.

Third. That complainant may have judgment against the bank for $6,075.

Fourth. That complainant may have such general relief as may seem proper.

The application for relief is based upon alleged false representations made by Jennings, the vice president of the bank, which Ryan says induced him to become a stockholder. In May, 1908, he bought these 50 shares at $121.50 a share; they were transferred to his name on the books of the bank, and from time to time he received dividend checks, which he cashed, and blank proxies to vote at stockholders' meetings, which he signed and returned. The bank suspended business in March, 1911, a receiver was appointed in April, 1911, and on September 11, 1911, an assessment of $100 per share was levied upon its stockholders. An action was begun by the receiver on February 13, 1912, to recover his share of this assessment from Ryan.

[1] The question reserved by the Supreme Court in Lantry v. Wallace, 182 U. S. 549, 21 Sup. Ct. 878, 45 L. Ed. 1218, and by this court on former appeal in this cause, 206 Fed. 452, 124 C. C. A. 358, is now presented again. In our opinion, plaintiff is not entitled to the relief prayed for against the receiver. The creditors are entitled to have the statutory liability, which, for their security, the National Bank Act has imposed upon stockholders, enforced against all persons who were stockholders when the bank failed. At that date Ryan was a stockholder de jure and de facto of the Mt. Vernon Bank; indeed, he is so still. Whatever remedy he might have against Jennings for alleged false representations, or against the bank itself on any theory that it was responsible for the misrepresentations of its officer, he certainly can have no relief which would operate to annul or impair the rights of the creditors of the bank to have the assessment upon his 50 shares collected from him.

[2] As to the other part of the controversy, we find no satisfactory proof of any false representations by Jennings as to the financial con-

dition of the bank. Undoubtedly the 50 shares sold to Ryan belonged to Jennings; they were not treasury stock. Apparently, also, complainant supposed he was getting treasury stock; but as to any representation that it was treasury stock the evidence is not persuasive. Ryan testified that Jennings told him: "I would like to sell 50 shares of stock that the bank has got." Jennings testified: "I am positive I did not tell him [Ryan] that it was the stock of the bank. I can go still further and say I did not intimate it." Judge Rose, who saw and heard both witnesses, reached the conclusion that it was not proved "that Jennings told the complainant the stock belonged to the bank, although doubtless he was careful not to say anything to suggest to Ryan that it belonged to him." In that conclusion we concur.

Decree affirmed, with costs.