### In re UNITED GROCERY CO.

#### (District Court, S. D. Florida. August 8, 1918.)

1. BANKRUPTCY ☞342—RE-EXAMINATION OF CLAIM—REFEREE'S ORDER.

Order of referee in bankruptcy, on petition to re-examine claim, allowing insolvent bank's claim conditionally on receiver making payment to trustee in bankruptcy, is not justified under Bankruptcy Act July 1, 1898, § 57k (Comp. St. 1916, § 9641), providing that claims which have been allowed may be reconsidered for cause, and reallowed or rejected, in whole or in part.

2. BANKRUPTCY ☞159—VOIDABLE "PREFERENCE"—DEPOSIT IN BANK.

Deposit of money by receiver of bankrupt in checking account with bank to which bankrupt was indebted, and which subsequently closed its doors, was not a "preference" voidable under the Bankruptcy Act July 1, 1898, § 60b (Comp. St. 1916, § 9644).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preference.]

3. BANKRUPTCY ☞178(1)—"CONVEYANCE"—"TRANSFER."

Deposit of money by receiver of bankrupt in checking account with bank to which bankrupt was indebted, and which subsequently closed its doors, was not a "conveyance" or "transfer," etc., void or voidable under Bankruptcy Act July 1, 1898, § 67e (Comp. St. 1916, § 9651).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conveyance; Transfer.]

4. BANKRUPTCY ☞169—RIGHT OF SET-OFF.

Where, on date of adjudication, bankrupt was indebted to bank, and his receiver, between date of adjudication and date when bank closed its doors, deposited in general checking account sum less than bankrupt's indebtedness to bank, under federal Bankruptcy Act, neither bank nor its receiver could apply deposit to payment of debt to bank, nor could the bankrupt's trustees apply it to discharge pro tanto of the debt.

5. BANKRUPTCY ☞314(2)—INSOLVENCY—RIGHT OF CREDITOR.

On bankruptcy, creditor becomes equitable cestui que trust in assets in proportion that his claim bears to total amount, and his right to participate may not be diminished by claims arising subsequently to bankruptcy; right to participate being determined as of date of bankruptcy.

6. BANKS AND BANKING ☞288—INSOLVENCY—CLAIMS.

On insolvency of national bank and appointment of receiver, creditor becomes equitable cestui que trust in assets in proportion that his claim bears to total amount, and his right to participate may not be diminished by claims arising subsequently to insolvency; right to participate being determined as of date of insolvency.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. **BANKS AND BANKING** ⊝⟶119—GENERAL DEPOSIT—RELATIONSHIP OF "DEBT-OR AND CREDITOR."

A general deposit of money in a checking account with a bank created simply the relation of "debtor and creditor" between the bank and the depositor.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Debtor and Creditor.]

In Bankruptcy. In the matter of the United Grocery Company, bankrupt. On petition to review an order of the referee. Petition granted, and order modified.

See, also, 239 Fed. 1016.

L. R. Milton, of Jacksonville, Fla., for objecting creditor.
Cockrell & Cockrell, of Jacksonville, Fla., for trustees.

CALL, District Judge. On January 4, 1917, the United Grocery Company was adjudicated a bankrupt, and receiver appointed in said cause. Subsequently the trustees were duly elected by the creditors and appointed by the referee. On January 4, 1917, the bankrupt was indebted to the Heard National Bank in the sum of $30,480.47. The Heard National Bank closed its doors on January 16, 1917, and in due course a receiver to wind up its affairs was appointed by the Comptroller of the Currency. Between the 4th and the 16th of January, 1917, the receiver of the bankrupt deposited with the Heard National Bank to his credit as receiver various amounts which aggregate, after the payment of certain checks against the deposit, the sum of $7,-586.04. On January 19, 1917, the receiver of the Heard National Bank filed his proof of claim before the referee in the above stated amount. On March 26, 1917, the trustees of the bankrupt filed their petition before the referee to re-examine the proof of claim of the receiver of the bank, and to strike the same from the files, or to disallow the same, or to cause the same to be modified, or to give such relief in the premises as may be consistent with justice and the acts of Congress.

On March 27, 1917, the referee made an order for a re-examination of the proofs of the bank's claim. On October 26, 1917, a stipulation of facts was filed before the referee, and a hearing had upon the petition to re-examine and such stipulation of facts. On October 31, 1917, an order was entered by the referee, allowing the bank's claim in the sum of $30,480.47, upon the payment to the trustees by the receiver of the bank of $7,586.04, deposited by the receiver of the bankrupt in said bank, prior to January 16, 1917, and after his appointment on January 4, 1917. On November 3, 1917, the bank's receiver filed his petition for a review, assigning three errors as follows:

(1) That the referee erred in allowing the claim of the bank on condition that the deposit should first be paid to the trustees of the bankrupt.

(2) That the referee erred in holding that the trustees were entitled to the payment of the deposit before the bank's claim could be proved.

(3) On the petition to re-examine the claim, the only order the referee could make was an order allowing said claim in whole or in part, or an order rejecting said claim in whole or in part, and the order in this case does neither.

The two first assignments raise the same question and may be considered together.

[1-3] I will take up the third assignment first. Section 57k, of the act (Act July 1, 1898, c. 541, 30 Stat. 560 [Comp. St. 1916, § 9641]) is as follows:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case," etc.

The order of the referee in this case allows the claim conditionally. While it does not specifically disallow the claim on the failure of the bank's receiver to make this payment to the trustees, that seems to me to be its effect. It does not appear to me that the order is justified under section 57k of the act. I do not understand that the order in this case was made under the provisions of section 57g, which authorizes an order of this kind where the creditor had received a preference, etc.; but, if it were so contended I am clearly of opinion that this deposit in the checking account could not be either a preference voidable under section 60b (Comp. St. 1916, § 9644), or a conveyance or transfer, etc., void or voidable under section 67e (section 9651). I am of opinion that the third assignment should be sustained, and the order of the referee should have allowed the bank's claim either in whole or in part.

[4-7] Now, as to the first and second assignments, which question the correctness of the order, as a question of law: There is no dispute as to the facts. It is unquestioned that the bankrupt, on the date of the adjudication on January 4th, was indebted to the bank in the sum of $30,480.47, nor is it questioned that the receiver of the bankrupt deposited in a general checking account with the bank, between January 4th and 16th, the $7,586.04, nor that the bank closed its doors on January 16th, and a receiver was duly appointed by the Comptroller to wind up its affairs and make distribution of its assets according to the laws governing such cases. The decision of the question seems to me to depend upon whether the right to a set-off, either at law or in equity, exists under these facts. As I understand the Bankruptcy Act and the decisions of the courts, neither the bank nor its receiver could have applied this deposit to payment of the debt owed the bank by the bankrupt nor the trustees of the bankrupt apply this deposit to the discharge pro tanto of the debt to the bank, because there is a want of mutuality in the demands, and because, as I understand the law and the adjudicated cases, upon the bankruptcy of an individual, or the insolvency of a national bank and appointment of a receiver to wind up its affairs by the Comptroller, the creditor becomes an equitable cestui que trust in the assets in the proportion that his claim bears to the total amount of the claims, and his right to participate in the dividends arising from such assets may not be diminished by claims arising subsequently to the bankruptcy or insolvency. This right to participate is determined as of the date of bankruptcy or insolvency. The bank's right to participate in the dividends from the bankrupt's estate matured certainly on January 4th, when the adjudication was made, and the right of the trustees to participate in the dividends of the assets of the bank matured on January 16th, when the Comptroller took charge

of the affairs of the bank, and this right could not be taken from the bank's receiver by the subsequent deposit of moneys in the bank to a general account, to which no trust was affixed, and which created simply the relation of debtor and creditor between itself and the depositor.

The fact that the bankrupt may pay in full its creditors, and the bank may not be able to do so, cannot change the principles of law. It may work an apparent hardship in the particular case; but all general rules sometimes do that. I am of opinion, therefore, that the order of the referee should have reallowed the claim of the receiver of the bank in the full amount allowed conditionally.

The petition to review will therefore be granted, and the order of the referee modified accordingly.