## WILLIAMS v. STONE.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2689.

1. Banks and banking ⬤⟹250(5)—Presumption of bank stockholder's liability arises from presence of name on bank stock register.

Presumption of legal liability of bank stockholder as such arises from the presence of his name on the stock register of the bank.

2. Banks and banking ⬤⟹250(3)—That bank stockholder never received stock certificate is no defense to statutory action in behalf of creditors.

Fact that bank stockholder never received possession of stock certificate is no defense to statutory action for stockholder's liability in favor of creditors.

3. Banks and banking ⬤⟹250(3)—Alleged fraudulent representations of bank's officers and failure to deliver stock certificate held no defense to stockholder, knowing stock was transferred to his name, in suit to enforce stockholder's liability.

Bank stockholder, who knew that stock for which he paid was transferred to him on books of bank and that original owner received payment, and who failed to make any protest or objection, held, not entitled to avoid statutory liability as stockholder in suit by receiver of bank, on ground that he was induced to purchase the stock through fraudulent represen-

tations of bank's officers, and that stock certificate had not been delivered.

In Error to the District Court of the United States for the Eastern District of North Carolina, at Wilmington; Isaac M. Meekins, Judge.

Suit by C. L. Williams, receiver of the Commercial National Bank of Wilmington, N. C., against R. R. Stone. Judgment was entered for plaintiff, and plaintiff, claiming it inadequate, brings error. Reversed, and new trial granted.

H. Edmund Rodgers, of Wilmington, N. C., for plaintiff in error.

E. K. Bryan, of Wilmington, N. C. (Bryan & Campbell, of Wilmington, N. C., on the brief), for defendant in error.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

NORTHCOTT, Circuit Judge. This is a writ of error sued out from a judgment of the District Court of the United States for the Eastern District of North Carolina, rendered on November 15, 1927, in a suit in which C. L. Williams, receiver of the Commercial National Bank of Wilmington, North Carolina, was plaintiff, and R. R. Stone was defendant.

On June 25, 1923, the plaintiff filed his complaint, alleging, among other things, that he had been duly appointed receiver for said bank, which had closed its doors on December 30, 1922; that on April 6, 1923, the Comptroller of the Currency of the United States had duly and regularly, in accordance with the law, levied an assessment upon the shareholders of said bank, payable on or before May 10, 1923; that the defendant was the owner of 56 shares of stock on said December 30, 1922, and asked for judgment against the defendant for the sum of $5,600.

On July 17, 1923, the defendant filed his answer denying that he was a stockholder as alleged, other than to the extent of 6 shares of stock, and alleging that the 50 shares of stock in question had been transferred on the books of the bank through the fraud and deceit of officers of the bank. Defendant admitted in his answer that he had agreed to purchase the 50 shares and had paid therefor $1,000 in cash, and had given his note for $4,000; that he had renewed said note; that he believed that the bank had paid the former holder of the stock the proceeds of the note given by defendant; that he was advised and believed that the stock was transferred to his name in the

stock ledger of said bank, on May 26, 1922; that the certificate of stock for the 50 shares was never delivered to him; and that he was induced to enter into the transaction by the fraudulent representations of officers of the bank.

The plaintiff demurred to the answer, but the case was submitted on the complaint and answer, without any ruling by the court on the demurrer. The court held that there was no liability of the defendant as a stockholder as to the 50 shares, and gave judgment for the plaintiff for $600. From this judgment the plaintiff sued out this writ.

[1] We are of the opinion that the facts that appear from the pleadings in the case are sufficient to prove liability on the part of the defendant for the entire assessment made against him. "There is a presumption of legal liability, begotten by the presence of the name of the stockholder on the stock register of the bank." Logan v. Crissinger (D. C.) 290 F. 415.

In Whitney v. Butler, 118 U. S. 655, 7 S. Ct. 61, 30 L. Ed. 266, the court says: "That the creditors of a national bank are entitled to know who, as shareholders, have pledged their individual liability as security for its debts, engagements, and contracts; that if a person permits his name to appear and remain in its outstanding certificates of stock, and on its register, as a shareholder, he is estopped, as between himself and the creditors of the bank, to deny that he is a shareholder; and that his individual liability continues until there is a transfer of the stock on the books of the bank, even where he has in good faith previously sold it and delivered to the buyer the certificate of stock, with a power of attorney in such form as to enable the transfer to be made."

[2] The fact that defendant never received possession of the stock certificate is no defense to a statutory action in favor of creditors. Robertson v. Conway (C. C. A.) 188 F. 579; Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531.

A full discussion of the question presented here is found in Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822. There Mr. Justice Harlan says: "The present suit is primarily in the interest of creditors of the bank. It is based upon a statute designed not only for their protection, but to give confidence to all dealing with national banks in respect of their contracts, debts, and engagements, as well as to stockholders generally. If the subscriber became a shareholder in consequence of frauds practiced upon him by others, whether they be officers of the bank or officers of the government, he must look to them for such redress as the law authorizes, and is estopped, as against creditors, to deny that he is a shareholder, within the meaning of section 5151, if, at the time the rights of creditors accrued, he occupied and was accorded the rights appertaining to that position."

See, also, Salter v. Williams (D. C.) 219 F. 1018; Lantry v. Wallace, 182 U. S. 536, 21 S. Ct. 878, 45 L. Ed. 1218; Hood v. Wallace, 182 U. S. 555, 21 S. Ct. 885, 45 L. Ed. 1227.

[3] The case of Keyser v. Hitz, 133 U. S. 138, 10 S. Ct. 290, 33 L. Ed. 531, relied on by counsel for defendant, does not in any wise sustain defendant's contention. In that case it is held that if, the stockholder became aware of the transfer after it was made, and in any way exercised ownership, he became a shareholder and liable as such, as fully as if the transfer had been made originally with his knowledge and consent. In the instant case, the defendant admits in his answer that he knew that the party whose stock he was purchasing got the money for the stock, including the money for the $4,000 note he gave in part payment for the stock. The defendant must have known that the stock was transferred to him on the books of the bank, and in no way offered any protest or objection. On the contrary, he admits in his answer that he is advised and believed that the transfer to him was made on the 26th day of May, 7 months before the bank closed its doors.

The court erred in not giving the plaintiff judgment for the full amount for which the suit was brought, and the judgment of the court below is accordingly reversed, and a new trial awarded.

Reversed.