## BAILEN v. DIETRICK.

### No. 4160.

District Court, D. Massachusetts.

Oct. 22, 1935.

Herman Snyder, of Boston, Mass., for plaintiff.

Brenton K. Fisk and Aldridge & Fisk, all of Boston, Mass., for defendant.

BREWSTER, District Judge.

By this bill in equity, brought against the Federal National Bank and the receiver of that bank, plaintiff seeks to rescind purchases of stock and establish a claim against the receiver for the price paid therefor. The proceedings were begun in the state court and removed to this court. Defendants have moved to dismiss, and plaintiff has moved to remand. Both motions are before the court for consideration.

With respect to defendants' motion to dismiss, the allegations of the bill, briefly stated, are that between November, 1928, and January, 1930, the plaintiff purchased shares of the capital stock of the defendant bank; that he was induced to make these purchases by false and fraudulent representations of the officers of the bank respecting the condition and prospects of the bank, all of which representations were known by the officers to be false; that the plaintiff was ignorant of the true condition

of the bank and, relying upon the representations made to him, was induced to purchase 10 shares on November 11, 1928, 22 shares on December 6, 1928, 56 shares on December 24, 1928, and 22½ shares in January, 1930; that he received stock dividends on said shares up to and including November, 1931; that on December 15, 1931, the Comptroller of Currency took over the affairs of the bank and put a receiver in charge of its assets. The bill further alleges that this plaintiff made full payment of the assessment levied upon him as a stockholder by the receiver; that before payment of the assessment and shortly after the closing of the bank, he tendered the shares of stock standing in his name and demanded a return of the purchase price therefor, which tender was refused. Whereupon, the plaintiff prays that the several transactions of sale, by which he acquired stock in the bank, be canceled and the claim of the plaintiff established for the amount of the purchase price paid for the same.

The bill of complaint was filed in the state court on or about the 28th day of June, 1935, and subsequently removed to this court.

■ It is well-established law that a record owner of stock in a national bank cannot avoid meeting his liability as a stockholder imposed by 12 USCA §§ 63 and 64 by setting up by way of defense or counterclaim facts which would entitle him to repudiate the purchase on grounds of fraud. Scott v. Deweese, 181 U. S. 202, 21 S. Ct. 585, 45 L. Ed. 822; Lantry v. Wallace, 182 U. S. 536, 21 S. Ct. 878, 883, 45 L. Ed. 1218; Salter v. Williams (D. C.) 219 F. 1017; Ryan v. Mt. Vernon National Bank (C. C. A.) 224 F. 429; Taylor v. American National Bank (D. C.) 2 F.(2d) 479; Page v. Jones (C. C. A.) 7 F.(2d) 541, 545; Williams v. Stone (C. C. A.) 25 F.(2d) 831; Emery & Co. v. Wilkinson (C. C. A.) 72 F.(2d) 10.

Inasmuch as the plaintiff has satisfied his liability as a stockholder by paying the assessment, it is undoubtedly true, as he argues, that he is not by this suit endeavoring to escape his statutory liability, but is seeking to obtain a right to participate in any distribution of the assets in the receivership proceedings.

We are confronted, therefore, with the question whether, assuming the allegations of the bill are sufficient to entitle the plaintiff to rescind the several transactions by which he acquired his stock, he may establish a claim as a general creditor and participate with depositors and other creditors in the ratable distribution of the proceeds of liquidation.

The rule which seems to have the support of the weight of authority in this country permits a rescission by a defrauded stockholder of his contract of purchase after insolvency, unless he has lost the right of rescission by reason of laches, or unless he is estopped by his own conduct. Newton National Bank v. Newbegin (C. C. A.) 74 F. 135, 33 L. R. A. 727; Wallace v. Bacon (C. C.) 86 F. 553; Scott v. Abbott (C. C. A.) 160 F. 573; Salter v. Williams (D. C.) 219 F. 1017; Ratcliff v. Clendenin (C. C. A.) 232 F. 61; In re Bancunity Corporation (D. C.) 36 F.(2d) 595; Cawthon v. Bancokentucky Co. (D. C.) 52 F.(2d) 850; Julian v. Stewart (C. C. A.) 56 F.(2d) 32.

It is necessary to consider these cases in order to determine whether they apply to the case at bar.

In Newton National Bank v. Newbegin, supra, it appears that the proceedings to rescind were brought after the bank had been reorganized and when it was doing business as a solvent and going concern. The only creditors of the bank who in any aspect of the case were entitled to complain were those creditors, if any, who were such when the bank first failed. These creditors had been satisfied with full knowledge of the plaintiff's claim. On this state of facts the court held there was no estoppel.

In re Bancunity Corporation, supra, and Cawthon v. Bancokentucky Co., supra, were cases where defrauded stockholders were allowed to qualify as petitioning creditors in bankruptcy proceedings, but in both cases the court reserved the question whether the petitioner was entitled to participate on the same basis as other creditors. In all of the other cases, above cited, the stockholder was unable to establish his right to rescind after insolvency.

The courts seem to be generally agreed that, while a defrauded stockholder may rescind as against the corporation, he cannot exercise this right after insolvency to the detriment of creditors. In re Morris Bros., Inc. (C. C. A.) 293 F. 294; Page v. Jones, supra; Ratcliff v. Clendenin, supra.

In Page v. Jones, supra, the court says: "The creditors of the bank were not responsible for the acts or representations of the officers and directors of the bank to their shareholders, and if they defrauded the shareholders their remedy is against them, and not against the creditors of the bank."

Lantry v. Wallace, supra, a leading case, upon which the receiver relies, was an action at law to enforce the statutory liability of stockholders in national banks. The court intimated that circumstances might exist which would entitle a stockholder, by proceedings in equity against the receiver and the bank, to set aside the transaction by which he became owner of the stock. The court, however, adds this significant language: "Whether a decree based upon the facts set forth in the answer, even if established in a suit in equity, brought against the bank and the receiver after the appointment of a receiver, would be consistent with sound principle or with the statute regulating the affairs of national banks and securing the rights of creditors, is a question upon which we do not now express an opinion."

As I view the matter, to allow a stockholder of a national bank, who has for several years allowed his name to remain on the books of the bank as a stockholder, and who has acknowledged his liability as such by paying the assessment, to rescind after the failure of the bank would be neither consistent with sound principles nor with the statute regulating the liquidation of national banks. Why should a stockholder, who has been obliged to contribute to the funds in the hands of the receiver, be allowed to get back a pro rata share of that contribution? Clearly, this would be prejudicial to depositors and other creditors who have dealt with the bank upon the assumption that the capital represented by the shares and the liability attaching to the recorded holders thereof would be available toward the satisfaction of their claims. It is difficult for me to reconcile such results with the principle announced in the cases which have not only denied to the stockholder the right to avoid his statutory liability by reason of fraud on the part of the bank, but has also denied him the right to set off, by way of counterclaim or cross-action, his claim for the purchase price of the stock. I am not overlooking two cases in which stockholders in national banks have been afforded relief in equity

proceedings. I refer to Salter v. Williams (C. C. A.) 244 F. 126, and Meredith v. Rawlings (D. C.) 7 F. Supp. 984. The latter case is easily distinguishable. There, the ground for rescission was not the fraud of the bank, and the rescission had been completed by agreement of the parties. The stockholder had received back the consideration and had delivered his stock to the party from whom he purchased it. The bank refused to transfer the shares on its books, and the proceedings were brought to compel the bank to record the transfer and to enjoin any steps to enforce plaintiff's liability as a stockholder. Plaintiff was properly afforded relief.

The case of Salter v. Williams, supra, is not so easily distinguished. The decision apparently turns upon the fact that the stockholder had fully met his liability as a stockholder and, having done this, was entitled to step out of his character as a stockholder and become a creditor entitled to participate in the proceeds of the liquidation.

While it must be conceded that the stockholder's right to rescind accrued when the fraud was perpetrated, and that this was before receivership, I cannot readily subscribe to the statement of the court that he, therefore, approaches the receiver like an ordinary creditor whose claim was contracted before receivership with a like right of redress out of the bank's funds in the hands of the receiver. It is settled in this court that the requirements of the statute (12 USCA § 194) for a ratable dividend necessarily demands that claims of creditors be adjudged as of the date of the declaration of insolvency. Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640; Kershaw v. Jenkins (C. C. A.) 71 F.(2d) 647.

In numerous cases the pivotal date with reference to which claims against a bank receiver are to be adjudicated is the date of insolvency of the bank. In re United Grocery Co. (D. C.) 253 F. 267; American Surety Co. of New York v. De Carle (C. C. A.) 25 F.(2d) 18; Steele v. Randall (C. C. A.) 19 F.(2d) 40; In re Battani (D. C.) 6 F. Supp. 376; Kennedy v. Boston-Continental National Bank (D. C. Mass.) 11 F. Supp. 611, decided July 16, 1935.

It cannot be said that by reason of the fraud the status of stockholder never attached to the plaintiff. In re Morris Bros., Inc., supra. That was his position when

the receiver was appointed. It did not change by the mere tender of the stock to the receiver. Rescission is not consummated until parties have agreed upon rescission, or the right has been adjudged in appropriate proceedings. In re Bancunity Corporation, supra.

Furthermore, the facts appearing of record in this case, when considered in the light of the adjudicated cases, compel the conclusion that the plaintiff is estopped from setting up any claim to participate on a parity with depositors and creditors. It was not until June 28, 1935, that he brought these proceedings to rescind the contract of purchase. This delay of nearly seven years after the first purchase, and over five years after the last purchase, and three and one-half years after the receiver was appointed, compels the ruling that the asserted rights were not prosecuted with due diligence. During this interval he had appeared on the books of the bank as a stockholder, had received dividends, and exercised rights and enjoyed privileges of a stockholder of the bank. Mere failure to investigate into the true condition of the bank furnishes no legal excuse which would prevent the operation of the doctrine of estoppel which has been frequently applied in cases involving the right of a stockholder to rescind.

Defendant's motion to dismiss is, therefore, allowed.

The motion to remand is denied. If this could be deemed a suit brought against the bank alone to rescind the several contracts of sale of stock, instead of a bill to establish a claim against the receiver, this court would be without jurisdiction and the motion to remand could be granted, but in view of the relief sought by the plaintiff the receiver must be regarded the real party in interest. Kennedy v. Gibson, 8 Wall. (75 U. S.) 498, 19 L. Ed. 476; National Bank of Metropolis v. Kennedy, 17 Wall. (84 U. S.) 19, 21 L. Ed. 554; Bank of America National Trust & Savings Ass'n v. United States National Bank (D. C.) 3 F. Supp. 990.

On the pleadings the case clearly is one arising in connection with the winding up of the affairs of a national bank (28 USCA § 41 (16) and was properly removed to this court, giving this court jurisdiction to pass upon the motion to dismiss. See Studebaker Corporation of America **v.**

First National Bank of Florence, S. C. (D. C.) 10 F.(2d) 590; Bank of America National Trust & Savings Ass'n **v.** United States National Bank, supra.