## VAN DYKE v. BROADHURST.
### No. 132.

District Court, M. D. Pennsylvania.
Aug. 7, 1939.

738

Martin J. Kushmerick, of Scranton, Pa., for plaintiff.

Walter W. Kohler, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the Court on the motion of the Plaintiff for judgment on

Defendant's counterclaim and for judgment on the complaint and answer.

On April 4, 1939, the Plaintiff filed a complaint alleging that the Plaintiff is the duly appointed receiver of the Peckville National Bank; that the Defendant is the registered owner of forty shares of stock in said Bank; that, on August 29, 1934, the Comptroller of the Currency levied an assessment on the shareholders of 100% of the par value of each and all of the issued and outstanding shares of the capital stock of the Peckville National Bank, the assessment, by amendment to the original order, was made payable on or before December 6, 1934; and that the amount of the assessment on the forty shares of stock of the Defendant is $1,000.

In his answer to the complaint, the Defendant admitted all of the above facts, but resisted recovery by the Plaintiff on the ground that he was not the owner of the stock by reason of the fact that the Bank had failed and refused to deliver the certificate for the forty shares of stock purchased by the Defendant. The Defendant also averred that by reason of the failure to deliver the certificate he was unable to consummate a sale of the stock to a third person.

The Defendant then set forth by way of counterclaim the refusal of the Bank to deliver the certificate which, it is averred, resulted in the loss of an opportunity to consummate a resale of the stock at a profit to the Defendant. The Defendant then alleged damage to the extent of the original investment of $2,000 plus a profit of $400 which would have been realized had he been able to consummate the sale of the stock.

The Plaintiff then filed a motion for judgment which is now before the Court.

■ The sufficiency of the answer will be considered first. The sole ground upon which the Defendant relies is that the Bank failed or refused to deliver the certificate for the forty shares of stock purchased by the Defendant. It is well settled that the mere failure of a shareholder to receive the certificate is not a defense. Williams v. Stone, 4 Cir., 25 F.2d 831; Littrell v. Craig, D.C., 1 F.Supp. 491; Scott v. Deweese, 181 U.S. 202, 21 S.Ct. 585, 45 L.Ed. 822; Schechter v. Sherwin, 7 Cir., 81 F.2d 603.

■ In Scott v. Deweese, supra, the Court quotes with approval the following state-ments from Pacific National Bank v. Eaton, 141 U.S. 227, 11 S.Ct. 984, 985, 35 L.Ed. 702, "Without express regulation to the contrary, a person becomes a stockholder by subscribing for stock, paying the amount to the company or its proper officer, and being entered on the stock-book as a stockholder. He may take out a certificate or not, as he sees fit. Millions of dollars of capital stock are held without any certificate, or if certificates are made out, without their ever being delivered. A certificate is authentic evidence of title to stock; but it is not the stock itself, nor is it necessary to the existence of the stock. It certifies to a fact which exists independently of itself."

■ And in Whitney v. Butler, 118 U.S. 655, 7 S.Ct. 61, 63, 30 L.Ed. 266, the Court states: "That the creditors of a national bank are entitled to know who, as shareholders, have pledged their individual liability as security for its debts, engagements, and contracts; that if a person permits his name to appear and remain in its outstanding certificates of stock, and on its register, as a shareholder, he is estopped, as between himself and the creditors of the bank, to deny that he is a shareholder; and that his individual liability continues until there is a transfer of the stock on the books of the bank, even where he has in good faith previously sold it, and delivered to the buyer the certificate of stock, with a power of attorney in such form as to enable the transfer to be made."

■ It must follow from the cases above cited that the mere failure or even the refusal of the Bank to deliver the stock certificate is not a defense to the action of the Receiver to recover an assessment. Furthermore, the Defendant cannot diminish the amount recovered by the Receiver on the assessment by setting off or counterclaiming for damages resulting from the failure of the Bank to issue the stock certificate. Although no case has been cited or found which deals with facts identical with those of this case, there are a number of cases in which subscriptions and purchases of stock were obtained by reason of the fraudulent representations of the Bank and it has been settled that the liability of the Bank and its officers for the fraud could not be set off against the liability of the stockholders for the assessment. Ryan v. Mt. Vernon National Bank, 2 Cir., 224 F. 429; Bailen v. Dietrick, D.C., 12 F.Supp. 602. In fact, to permit such a set-off or

740

counterclaim would be the equivalent of allowing the fraud to constitute an absolute defense.

Hence, it is my conclusion that neither the defense nor the counterclaim of the Defendant are valid as affecting the recovery by the Plaintiff of the assessment.

■ The Plaintiff also filed a motion for judgment on the counterclaim of the Defendant. There appears to be no provision in the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which would permit the Plaintiff to move for judgment on a counterclaim to which no reply has been filed. The motion for judgment will, therefore, be treated as a motion to dismiss for failure to state a claim upon which relief can be granted.

■ Although the counterclaim has already been determined to be invalid insofar as it may be considered as available to diminish or defeat the amount claimed by the Defendant, it may nevertheless be valid for the purpose of establishing the right of the Defendant to claim against the Bank as a general creditor. Oppenheimer v. Harriman National Bank, 301 U.S. 206, 57 S.Ct. 719, 81 L.Ed. 1042.

■ For the purpose of establishing the existence of the claim, this Court has jurisdiction of the action. Bailen v. Dietrick, supra.

As has already been indicated, a shareholder is entitled to a certificate and he may compel its issuance and delivery by appropriate action. Scott v. Deweese, supra. Hence, if the Defendant was entitled to a certificate and the Bank, after a proper demand, refused to deliver it, the Defendant should recover any damage which he may have suffered by reason of the wrongful act of the Bank.

■ The Plaintiff has alleged, as grounds for his motion, the failure of the Defendant to set forth, in his counterclaim, certain particulars. This Court has had occasion to state in former opinions its position with regard to the sufficiency of pleadings. Under the present liberal construction of the Rules of Civil Procedure, to avoid dismissal for failure to state a claim upon which relief may be had, it is necessary only to allege sufficient facts to apprize the opposing party of the nature of the claim which will be proved. Technicalities in pleading are no longer observed. One of the principal reasons for this liberal construction is that the Rules of Civil Procedure provide ample means of discovery and methods of compelling the pleader to disclose to the fullest extent the facts upon which he bases his cause of action.

■ In the case at hand, the counterclaim alleges all of the elements of a valid cause of action. The Plaintiff will, therefore, be required to make use of other provisions of the Rules of Civil Procedure to obtain those particulars, the absence of which he relies upon in his motion for judgment.

Now, August 7, 1939, the Plaintiff's motion for judgment on the complaint and answer is granted and judgment is directed to be entered in his favor in the sum of $1,000, with interest at 6% from December 6, 1934. The Plaintiff's motion for judgment on the counterclaim is dismissed, and the Plaintiff shall file his reply within twenty days after Defendant has given him notice of this order.