### EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. KIT et al.

### No. 9935.

District Court, E. D. Pennsylvania.

Jan. 9, 1939.

whether the averments of the statement of claim are sufficient to state a case of effective change of beneficiary.

The paper is substantially in the following form:

Group Insurance—Request for Change of Beneficiary.

The Equitable Life Assurance Society of the United States is hereby requested to change the beneficiary under Group Insurance Individual Certificate Nos. 4722–353 to Mrs. Helen Kit. In case of my death "ful Beneficiary for the sum of one Thousand Dollars goes to Mrs. Helen Kit and no body else." Subject to the right of the Insured to change the beneficiary in accordance with the policy provisions.

Peter Stacy

It will be noted that it refers to the group policy provisions relating to the insured's right to change the beneficiary. These provisions are that the insured may change the beneficiary "by a written request upon the Society's blank, filed at its Home Office, but such change shall take effect only upon the receipt of the request for change at the Home Office of the Society."

The insured's certificate does not mention the right to change the beneficiary, and the averment of the statement of claim to the effect that "neither the plaintiff, Helen Kit, nor the insured had any notice of knowledge of any such alleged requirement," must be taken as true, but of course it means actual knowledge, and does not exclude whatever notice may be implied from the reference in the printed form which he signed to the provisions of the policy.

The substance of the statement of claim is that the insured signed the paper and turned it over to the plaintiff about a year and a half before his death. There is no averment that thereafter either of them made any effort to deliver it to the Company or to advise the Company that it had been executed, or that the Company received it or knew about it. It remained continuously in the plaintiff's possession from the time it was given to her until the insured died.

 The general rule is well settled that, "In order to effect a change of beneficiary the mode prescribed by the policy must be followed, it being held in some cases that a substantial compliance is necessary and in others that a strict compliance is required. A mere unexecuted intention to change the beneficiary is not sufficient." 37 C.J. 584.

Robert J. Sterrett, of Philadelphia, Pa., for plaintiff.

E. A. Howell, of Chester, Pa., for defendant Helen Kit.

A. Albert Feldman, of Philadelphia, Pa., for defendant Anna Stecker.

KIRKPATRICK, District Judge.

The plaintiff's statement of claim, filed in pursuance of a bill of interpleader to determine the right to the proceeds of a life insurance policy, shows that the insured was the holder of a certificate of insurance under a group insurance policy issued to his employer. The certificate did not name a beneficiary, but, by reference to a clause in the group policy, designated the insured's executors or administrators. The defendant is the administratrix.

The plaintiff claims by virtue of a paper executed by the insured and duly witnessed—a printed form furnished by the Company, requesting the Company to change the beneficiary. A statutory demurrer has been filed, and the question is

"The exception to the rule above stated is that where the policy holder has made every reasonable effort to effect a change of beneficiary, it will be given effect. As stated by Judge Gawthrop, speaking for the Superior Court in Gannon v. Gannon, 88 Pa.Super. 239: 'There is abundant authority for the rule of law that the courts will give effect to the intention of the insured to change the beneficiary by holding that the change has been accomplished where he has done all he could to comply with the provisions of the policy.'" Sproat v. Travelers' Insurance Co., 289 Pa. 351, 137 A. 621, 622.

The plaintiff has cited a number of cases to the effect that provisions relating to change of beneficiary, if for the benefit of the insurance company, may be waived by it, and that payment into court of the proceeds of the policy is a waiver. There is no doubt about this principle, but it relates to formal requirements, usually having to do with endorsement on the policy or entry upon the company's records. In a case where the rights of the original beneficiary are involved, before it can have any application there must be proof of an executed intention on the part of the insured to change the beneficiary.

The plaintiff argues that all that is necessary is proof of "a completed intent or decision to make the change." I do not think that that is quite a correct statement of the rule. There is a difference between a completed intent and an executed intent. What the cases do hold is that strict compliance with the provisions of the policy or by-laws is not always necessary to prove an executed intent. All that is needed is that the insured shall have done all that he reasonably could be expected to do under the circumstances, or that he shall have "committed himself fully to the election therein contained." Estate of Sanes, 91 Pa. Super. 466, 475. In the Sanes case the paper signed was a "request" as here, but it was something more. It began, "I now elect to designate a new beneficiary, and request the said Society to make such designation effective by endorsement upon the said policy." As the Court said, the only request about this was "the request to the company to endorse the change of the policy." So I am not ready to say that the Sanes decision fully rules this case.

In the present case delivery was to the beneficiary, and there is no averment that the paper was given her to send to the Company. In fact the inference from the statement of claim is that it was not, since neither she nor the insured knew anything about that requirement. No case has been cited to me which goes so far as to hold that the signing of a request to an insurance company to change the beneficiary and handing the paper and policy to the beneficiary is sufficient evidence of an executed intent, but I am not ready to say that it is not.

I think it is one of those questions which can not be determined satisfactorily except upon evidence, and that I ought not to try to dispose of it upon the pleadings. I do not see how full justice can be done without knowing all the circumstances surrounding the transaction, and these can be brought out fully only by testimony at the trial.

I am of the opinion that the new Rules of Civil Procedure are properly applicable to this case, and Rule 12(d), 28 U.S.C.A. following section 723c, provides that the court may order the hearing and determination of a motion for judgment (which is what this is) be deferred until the trial. I so order.

Contrary to the usual practice, I have discussed the question rather fully in this opinion, but I think that it may be helpful to have my thought as to what the question involved really is.