## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. KIT et al.

### No. 9935.

District Court, E. D. Pennsylvania.

July 26, 1939.

———◆———

Robert J. Sterrett, of Philadelphia, Pa., for plaintiff.

E. A. Howell, of Chester, Pa., for defendant Kit.

A. Albert Feldman, of Philadelphia, Pa., for defendant Stecker.

KIRKPATRICK, District Judge.

When this case was before the Court upon a statutory demurrer, an opinion was filed, D.C., 26 F.Supp. 880, in which the question involved was discussed rather fully, and that opinion may be referred to in connection with what is said here. A ruling upon the question raised by the demurrer (which is still the only question in the case) was deferred because the case appeared to be one in which the circumstances ought to be fully developed by testimony. As a matter of fact, the testimony really produced nothing of importance which had not been before the Court on the pleadings. The case has been tried; there was a verdict for the plaintiff, and the defendant now moves for judgment.

■ I am of the opinion that the motion must be granted. The decisions are all in agreement that something more than a mere intention, however definite, fully formed and final that intention may be, is necessary to constitute an effective change of beneficiary. This is merely in accord with the fundamental legal concept that mental processes do not create or change legal relations and would be just as true if the contract of insurance prescribed no particular steps to be taken by the insured to manifest his intention. But it is an additional fact that the contract provides that the insurer will not be bound to recognize an intention to make the change unless the insured communicates a "request" to it, and "such change shall take effect only upon the receipt of the request for change at the Home Office of the Society." Of course, calling the insured's act a request does not mean that the change of beneficiary is in any sense a bilateral act. It was not intended to be anything more than a notification, but it was intended that it should reach the Company.

■ The courts have long ago eliminated the necessity for many of the formalities which insurance policies prescribed to make a change effective, as, for example, having the company endorse it on the policy. There have even been cases where the change was held effective though the requirement that the request actually reach the company's office was not met. But there is still a minimum of compliance beyond which the courts have not gone, which, as well as I can sum it up, is that, if the contract requires notice of the change to reach the company, the insured must at least start a communication of his intention moving in that direction.

■ In the present case the insured's intention was clear enough but, so far as the Company was concerned, he did nothing whatever. It is true that he was in ignorance of the terms of the blanket policy, but it cannot be said that he was misled in any way or that he was entitled to believe that the change could be made without any contact whatever with the party who was to pay the insurance. The paper which he signed was entitled "Request for Change of Beneficiary" and began "The Equitable Life Assurance Society of the United States is hereby requested to change the beneficiary * * *."

I do not think it necessary to hold that the reference to the policy provision appearing in the blank form of Request operated as constructive notice of the specific requirement of the policy that the request be filed at its home office. Regardless of that, there is nothing more in the case than proof that the insured had formed an intention that Mrs. Kit should

have the money arising from the insurance after his death, which is not sufficient. In fact, what he wrote upon the blank ("In case of my death ful Beneficiary for the sum of one Thousand Dollars goes to Mrs. Helen Kit and no body else.") and his totally disregarding the fact that the paper was addressed to the Company, might well indicate that he had in mind nothing more than a testamentary disposition of the proceeds of the policy. This, however, is mere speculation and not necessary to the decision of the case.

The two Pennsylvania cases which go farther than any others toward sustaining the plaintiff's contention, fall far short of meeting the situation presented by this case. In both, the insured had executed his intention to change by actually communicating it to the company. In Estate of K. I. Sanes, 91 Pa.Super. 466, he had delivered the request to the proper office of the company but failed to send the policy with it for endorsement. In Cody v. Metropolitan Life Ins. Co., 334 Pa. 137, 5 A.2d 887, the insured complied with the provision of the policy relating to communication to the company by filing notice with his employer. He did not accompany his notice by the certificate. The question of fact submitted to the jury was whether he had done everything in the circumstances reasonably possible to comply with that latter provision, and they decided that he had not. The case came before the Supreme Court on a review of the lower Court's refusal to enter judgment for the *plaintiff* notwithstanding the verdict.

Judgment for the defendant.