## LEIMER v. STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS.

No. 11515.

Circuit Court of Appeals, Eighth Circuit.

Jan. 5, 1940.

Walter A. Leimer, of Kansas City, Mo., for appellant.

Horace F. Blackwell, Jr., and Richard S. Righter, both of Kansas City, Mo. (Thorne Caldwell, of Worcester, Mass., and Lathrop, Crane, Reynolds, Sawyer & Mersereau, of Kansas City, Mo., on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's (appellant's) amended complaint for failure to state a claim upon which relief could be granted.

Reduced to its simplest terms, the claim which the plaintiff states in her amended complaint is: That she is the widow of Herman Loewer, who died November 30, 1928; that at the time of his death he was

the insured under four policies of life insurance issued by defendant (appellee), which were in full force; that plaintiff and her daughter were the beneficiaries named in the policies, and that upon the death of the insured, plaintiff became entitled to one-half of the proceeds of the policies; that she furnished to defendant the necessary proofs of death, and demanded her share of the proceeds of the policies, but that defendant has wrongfully withheld the same from her. There are other matters alleged, apparently in anticipation of the defense which the defendant is expected to make. Some of the statements relative to such matters are pure conclusions of law, while some relate to facts and indicate that the actual controversy between the parties is probably over the right of defendant to hold the proceeds of the policies in trust in accordance with a "non-negotiable certificate of indebtedness" executed by defendant on December 24, 1928, which by reference is made a part of the amended complaint. This certificate recites that, in consideration of the surrender, for cancellation, of the policies in suit and other policies, the defendant, in accordance with the terms and conditions thereof, agrees to retain the proceeds and to pay certain guaranteed interest thereon and income therefrom to the plaintiff and her co-beneficiary during life and to pay one-half of the principal sum retained to the executor or administrator of each of the beneficiaries upon her death. This certificate is signed by the defendant alone. The amended complaint does not show that plaintiff agreed to this arrangement, and it does not show that the arrangement was in accordance with the terms and conditions of the policies in suit, except as that may be inferred from the recitals of the certificate. The plaintiff asserts that the arrangement was unlawful and fraudulent and the result of a scheme of the defendant to constitute itself trustee of the proceeds of the policies in fraud of plaintiff and in derogation of her marital rights under the laws of Missouri. Judgment is demanded against the defendant for one-half of the proceeds of the policies, with interest, attorney's fees and costs, and for the invalidation of the trust arrangement pursuant to which the plaintiff's share of the proceeds is retained by defendant.

■ Counsel for defendant and the court below apparently misconceived the purpose and effect of defendant's motion to dismiss the amended complaint. They were seemingly concerned with the question whether the plaintiff had a meritorious claim upon which she was entitled ultimately to prevail, rather than with the sole question presented, which was whether the amended complaint, construed in the light most favorable to the plaintiff and with all doubts resolved in favor of its sufficiency, stated a claim upon which relief could be granted. The lower court, in its opinion stating its reasons for sustaining defendant's motion to dismiss the amended bill of complaint, says:

"Upon re-examination of the pleadings and briefs I find the facts to be substantially as follows:

"* * * the plaintiff and her daughter were not at the death of the insured entitled to receive the full amount of the benefits promised in the contracts [of insurance]. It was apparently provided in the policies that the beneficiaries should be paid monthly installments on the proceeds of the policies at an interest rate of 3%. This is confirmed by the fact that on December 24, 1928, and after the death of the insured on November 30, 1928, the defendant issued to the beneficiaries its contract designated as 'Non-Negotiable Certificate of Indebtedness Number 199.'"

The court then ruled that plaintiff, having accepted the arrangement "apparently provided in the policies" and having enjoyed its benefits for ten years, is in no position to contest "the terms of the policies long since surrendered and cancelled." It also ruled that the arrangement did not infringe the marital rights of the plaintiff and that her laches barred her claims of alleged fraud in connection with the issuance of the certificate of indebtedness by defendant. It further ruled that "upon the pleadings" the court could not, as prayed by the plaintiff, declare that the attempt of defendant to create a trust and to withhold her share of the proceeds of the policies was void, and stated that the policies provided that the beneficiaries should receive only monthly installments of interest during life.

The amended complaint, as contained in the record on appeal, fails to disclose whether the trust arrangement evidenced by the "non-negotiable certificate of indebtedness" was or was not in accordance with the terms of the policies in suit. It does not disclose what the exact provisions of the policies were with regard to the payment of the proceeds, but asserts that, upon

the death of the insured, the plaintiff was entitled to one-half thereof.

That plaintiff's claim is barred by estoppel and laches, which are ordinarily matters of defense, does not conclusively appear from the facts stated in the amended complaint. There is no basis for concluding from what is stated that defendant has been misled by plaintiff to its damage. It could hardly have been misled by her if its own policies prohibited the trust arrangement which was made or if that arrangement was unlawful or resulted from its own fraud. Its certificate of indebtedness shows that it still retains the proceeds of the policies in suit, and indicates that it has been paying interest thereon to plaintiff. Whether it would be injured or benefited by having to pay the plaintiff one-half of the insurance money, which would relieve it of its obligations under the trust arrangement, would be pure speculation.

So far as laches is concerned, it has been repeatedly held that mere lapse of time does not constitute laches. "It is to be determined by consideration of justice, and that is dependent upon the circumstances of each particular case." Des Moines Terminal Co. v. Des Moines Union Ry. Co., 8 Cir., 52 F.2d 616, 630; Johnson v. Umsted, 8 Cir., 64 F.2d 316, 323; Missouri Public Service Corporation v. Fairbanks, Morse & Co., 8 Cir., 95 F.2d 1, 4. In order to determine whether the plaintiff's claim was barred by laches, we would have to know more than is disclosed by her amended complaint.

Long before the Rules of Civil Procedure for the District Courts of the United States became effective, this Court had frequently disapproved the practice of attempting to put an end to litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, we said:

"A suit should not ordinarily be disposed of on such a motion [a motion to dismiss the bill for want of equity] unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * *

"That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill."

In Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312, this Court said: "As is usual in the case of demurrers and motions to dismiss pleadings, the parties are not in accord as to what facts are 'well pleaded'. We think it would serve no useful purpose to attempt to sift the complaints, which cover some 40 pages of the record, in an endeavor to separate facts, evidentiary and ultimate, from the mere conclusions of the pleaders. We are of the opinion that if, in view of what is alleged, it can reasonably be conceived that the plaintiffs and the interveners could, upon a trial, establish a case which would entitle them to injunctive relief, the motion to dismiss should not have been granted."

See, also, Thompson v. Terminal Shares, Inc., 8 Cir., 89 F.2d 652, 657; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131, 133; State of Kansas v. Colorado, 185 U.S. 125, 145, 22 S.Ct. 552, 46 L.Ed. 838.

The Rules of Civil Procedure, which are here applicable, require that a complaint shall contain (in addition to the necessary jurisdictional averments) "a short and plain statement of the claim showing that the pleader is entitled to relief", and "a demand for judgment for the relief to which he deems himself entitled". Rule 8(a) (2) and (3), 28 U.S.C.A. following section 723c. The appendix of forms accompanying the rules illustrates how simply and informally a claim may be pleaded and how few factual averments are required for initiating a suit. Rule 12(b) (6) authorizes a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted", which motion takes the place of the former demurrer in an action at law or motion to dismiss a bill of complaint for want of equity. A demurrer or a motion to dismiss for want of equity admitted, for the purposes of the demurrer or motion, all facts well pleaded in the complaint. Under the present practice, we think, the making of a motion to dismiss a complaint for failure to state a claim upon which relief can be granted has the effect of admitting the existence and validity of the claim as stated, but challenges the right of the plaintiff to relief thereunder. Such

a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him, or a claim which the averments of the complaint show conclusively to be barred by limitations.

In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12 (e) and thereafter applying for judgment on the pleadings under Rule 12(h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. See and compare, Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737, 740; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Equitable Life Assurance Soc. of United States v. Kit, D.C., 26 F. Supp. 880, 882; Id., D.C., 29 F.Supp. 260.

In this case it is obvious that, under the claim stated in the amended complaint, evidence would be admissible to prove that the plaintiff was a beneficiary under the policies in suit; that, by the terms of these policies, she, upon the death of the insured, became entitled to receive one-half of the proceeds thereof, and that the defendant is wrongfully withholding from her moneys which, as a matter of right, should be paid over to her. No matter how improbable it may be that she can prove her claim, she is entitled to an opportunity to make the attempt, and is not required to accept as final a determination of her rights based upon inferences drawn in favor of the defendant from her amended complaint. It will not do to circumvent a determination of a suit upon the merits by accepting an assertion that the claim stated in the complaint is groundless. "Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact." Myers v. Bethlehem Corporation, 303 U.S. 41, 51, 58 S.Ct. 459, 464, 82 L.Ed. 638.

The judgment appealed from is reversed, and the case is remanded with directions to reinstate the plaintiff's amended complaint, and for further proceedings not inconsistent with this opinion.