## FRENCH v. FRENCH PAPER CO.

### No. 128.

District Court, W. D. Michigan, Southern Division.

Jan. 14, 1941.

Starr & Starr, of Grand Rapids, Mich., and Atkinson & Donnelly, of Detroit, Mich., for plaintiff.

Burns & Hadsell, of Niles, Mich., for defendant.

RAYMOND, District Judge.

This matter is before the court upon motion of defendant, under Rule 12(f) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike portions of the bill of complaint for the alleged reason that they are not statements of fact but are conclusions and are therefore irrelevant and immaterial; also, upon motion to dismiss, under Rule 12(b) (6), on the ground that the complaint fails to state a claim upon which any relief can be granted, and for the failure to verify the complaint by the oath of plaintiff in accordance with Rule 23(b) of Rules of Civil Procedure.

In the case of Samuel Goldwyn, Inc., v. United Artists Corporation, D.C., 35 F.Supp. 633, it is held that a motion to strike paragraphs of a complaint should be granted only when the allegations thereof have no possible relation to the controversy, and if the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied. It is also held therein that the fact that conclusions were conclusions of law did not, in and of itself, warrant striking them from the complaint. Consideration of the briefs filed by counsel

upon this subject is convincing that these principles are applicable in the present case and that the motion to strike should be denied. An order will be entered accordingly.

In the Circuit Court of Appeals of the Eighth Circuit, in the case of Leimer v. State Mutual Life Assurance Co., 108 F.2d 302, it is said (page 305):

"Long before the Rules of Civil Procedure for the District Courts of the United States became effective, this Court had frequently disapproved the practice of attempting to put an end to litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, we said:

" 'A suit should not ordinarily be disposed of on such a motion (a motion to dismiss the bill for want of equity) unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * *

" 'That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill.' "

It is further said (page .306): "In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12(e) and thereafter applying for judgment on the pleadings under Rule 12(h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. See and compare, Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737, 740; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Equitable Life Assurance Soc. of United States v. Kit, D.C., 26 F.Supp. 880, 882;

Id., D.C., 29 F.Supp. 260." See also, Hughes Federal Practice, section 20328.

 Rule 23(b) of the Rules of Civil Procedure provides that in an action brought to enforce a secondary right on the part of one or more share holders in an incorporated association because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath. Consideration of the bill of complaint in this case results in the conclusion that this action is not brought to enforce a secondary right within the definition contained in Rule 23(a) (1).

An order will therefore be entered denying the motion to dismiss, without prejudice, however, to right of defendant to renew the motion upon the completion of proofs.