**SNYDER, Acting Adm'r of Wage and Hour Division, U. S. Department of Labor, v. JOHN J. CASALE, Inc.**

District Court, S. D. New York.

March 5, 1942.

Warner W. Gardner, Sol., and Irving J. Levy, Asst. Sol., both of Washington, D. C., and Arthur E. Reyman, Regional Atty., and Irving Rozen, Sr. Atty., U. S. Department of Labor, both of New York City, for plaintiff.

Charles E. Cotterill, of New York City, for defendant.

HULBERT, District Judge.

Defendant moved pursuant to Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint in this action as insufficient in law.

Plaintiff, as Administrator of the Wage and Hour Division, United States Department of Labor, sues to enjoin defendant from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The complaint alleges that the defendant is a Delaware corporation authorized to do business in the State of New York where it has its principal office and place of business and that it owns certain motor vehicles and owns or leases certain garages in New York and New Jersey wherein it stores, maintains, services and keeps in repair said motor vehicles.

It is not claimed that the defendant *operates* any of said motor vehicles, *but it is alleged that* the *defendant is engaged in the business of leasing said motor vehicles* to numerous corporations, companies and individuals in the States of New York, New Jersey, Connecticut and Pennsylvania for use in the production of goods and the transportation of goods in interstate commerce; that a *substantial* number of the lessees are engaged in the production of goods in interstate commerce and in the transportation, sale and distribution of goods in interstate commerce and that the leased motor vehicles are regularly and continuously used by the lessees in the production of goods for interstate commerce and in the transportation and sale of goods in interstate commerce; that a *substantial* number of firms and individuals leasing motor trucks from defendant are engaged in the wholesale distribution of goods, and that the leased vehicles are regularly and continuously used by such wholesalers and distributors in the purchase, sale, transportation and distribution of goods in interstate commerce.

The complaint alleges further that defendant employs over one hundred men engaged as mechanics, greasers, washers, floormen, shifters and "trouble shooters", in the garaging, maintaining and repairing of defendant's motor vehicles; that these employees are performing duties in interstate commerce and are employed in the production of goods for interstate commerce; that between October 24, 1938, and October 23, 1939, defendant employed many of these employees for workweeks longer than 44 hours, during the following year defendant employed many of them for workweeks longer than 42 hours, and since October 24, 1940, defendant has employed many of its employees for workweeks longer than 40 hours, and failed and refused to compensate them for their overtime employment at rates not less than one and one-half times the regular rates at which they were employed; that defendant in fact failed and refused to compensate its employees for such excess hours at any rates greater than the regular rates at which they were employed. The complaint also alleges that defendant, in failing to pay its employees the required overtime compensation, has violated and is violating the provisions of Sections 7 and 15(a) (2) of the Act.

It is also alleged that defendant has failed to keep adequate records of wages, hours and other conditions of employment in accordance with the regulations issued by the Administrator pursuant to the authority conferred upon him by Section 11 (c) of the Act, and that in failing to keep the prescribed records the defendant has violated and is violating the provisions of Sections 11(c) and 15(a) (5) of the Act. An injunction restraining further violations of Sections 15(a) (2) and 15(a) (5) is sought.

Defendant's motion is predicated upon three grounds:

1. That the allegations of the complaint do not show that the provisions of the Act apply to the defendant or its business.

2. If the statute were to be construed so as to bring the defendant within its provisions, it would be unconstitutional as beyond the power of Congress.

3. That the allegations of the complaint do not show that the defendant has paid or intends to pay to any of its employees any less compensation than would be re-

quired by the Act, even if the Act were constitutionally applied to the defendant.

■ With respect to contention (1), supra, I am of the opinion that the provisions of the Act do apply to defendant and that the employees in question are "engaged * * * in the production of goods for commerce" within the meaning of Section 7(a) of the Act. Section 3(j) brings within the Act all persons "employed in producing, manufacturing, mining, handling, *transporting,* or in any other manner working on such goods, *or in any process or occupation necessary to the production thereof"* (italicizing supplied).

It would seem that if the lessees owned these trucks, leased from the defendant, the employees engaged in repair work in their own shops would come under the provisions of the Act. Compare: Virginian Railway Co. *v.* System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; N.L. R.B. v. Mackay Radio & Tel. Co., 304 U. S. 333, 58 S.Ct. 904, 82 L.Ed. 1381.

The reasoning of the Circuit Court of Appeals for this Circuit in Fleming v. Arsenal Building Corp. et al., 125 F.2d 278, 280 (decided Dec. 30, 1941), impels me to conclude that inasmuch as the work of the defendant's employees would be substantially the same as if the lessees employed the said employees directly, defendant's employees must be deemed engaged in production of goods in interstate commerce since the services of these employees are indispensable to the transportation of such goods in such interstate commerce and as such are necessary to their production within the meaning of the Act.

Where a *substantial* number of defendant's lessees are engaged in interstate commerce, I am of the opinion that the employees of defendant engaged in the necessary activity of keeping defendant's trucks conditioned for daily interstate commerce on behalf of defendant's lessees must be considered within the provisions of the Act, and within the mischief at which this legislation was aimed.

The services of defendant's employees bear directly on interstate transportation and the amount of their salaries is of concern to the extent that it is an element in the cost of interstate shipments. It seems evident that competitors of defendant's lessees in interstate commerce would be affected by lower costs of producing goods arising from lower rentals made possible by the fact that defendant paid its employees substandard salaries. As in the Arsenal case, supra, the work of the defendant's employees "is in kind substantially the same as it would be if the manufacturers employed them directly."

■ The complaint alleges that a *substantial* number of defendant's lessees are engaged in interstate commerce in which defendant's leased trucks are used. Construing the pleader's allegations most favorably to him, the complaint indicates that the services and wage scale of defendant's employees are exerting substantial influence on interstate commerce. If, however, it develops that only a minor part (e. g. 10%) of defendant's lessees are engaged in interstate commerce, it would seem that the defendant should not come under the Act and that the influence of such a percentage upon interstate commerce would be deemed only incidental. Just as the power of Congress to regulate intrastate activity under the Commerce clause of the Constitution depends upon the degree to which such activity affects interstate commerce, so too, the question of whether or not defendant is governed by the Act depends in the final analysis upon the degree to which the services of its employees affect interstate commerce.

Just where the courts will draw the line can only be determined upon all of the facts in the light of reason.

Defendant might have secured a further amplification of the complaint, particularly with respect to the intended meaning of the word "substantial" before making this application to dismiss. As the complaint now stands it must be held to state a cause of action. Whether the services of the defendant's employees constitute only an incidental influence upon interstate commerce will depend upon the proof as to the number and extent that defendant's lessees are engaged in such commerce and final disposition of this question must await a trial and consequent disclosure of all the facts.

■ Defendant further contends that it is a service establishment and exempt from the provisions of the Act, Section 13 (a) (2) of which exempts a "service establishment the greater part of whose * * * servicing is in intrastate commerce."

The defendant having claimed the exemption has the affirmative of showing that it is within the exemption clause. Bowie

v. Gonzalez, 1 Cir., 117 F.2d 11; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52.

However, this question cannot be considered at this time since the defendant has not interposed an answer and there is no proof before the court from which it can determine factually that the defendant comes within the statutory definition of a "service establishment." See Section 13 (a) (2) supra; Wood v. Central Sand & Gravel Co., D.C., 33 F.Supp. 40, 46.

In contention (2), supra, defendant attacks the constitutionality of the Act if applied to the defendant upon the facts alleged. The Supreme Court of the United States has upheld the general constitutionality of this legislation. United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L. Ed. 609, 132 A.L.R. 1430; Opp Cotton Mills v. Administrator, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624. If the plaintiff can prove that all, or a "substantial" percentage of defendant's lessees are engaged in interstate commerce then the nature of the services of defendant's employees and its direct relationship and influence upon the transportation of goods in interstate commerce would seemingly justify the constitutional exercise by Congress of its regulatory power over such business. United States v. Darby, supra; Opp Cotton Mills v. Administrator, supra; Fleming v. A. B. Kirschbaum Co., 3 Cir., 124 F.2d 567.

This court is in no position at this stage to pass upon this problem which likewise must await the outcome of a trial of the issues.

In connection with (3), supra, defendant asserts that the complaint fails to allege that the defendant is not paying to its employees any less compensation than that required under the Act. I am of the opinion that the complaint is sufficiently definite in this respect. By this motion the defendant has admitted all of the allegations of fact in the complaint. Leimer v. State Mut. Life Assn. Co., 8 Cir., 108 F.2d 302, 305.

It would seem that only by the interposition of an answer can the real issues be raised and disposed of in this case by trial.

Accordingly, defendant's motion to dismiss the complaint is denied. Settle order on notice.