## TYLER FIXTURE CORPORATION v. DUN & BRADSTREET, Inc.
### Civil Action No. 340.

District Court, W. D. Michigan, S. D.

Oct. 23, 1943.

Burns & Hadsell, of Niles, Mich., for plaintiff.

McCobb & Heaney, of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This matter is before the court upon motion to dismiss, the several grounds for which need not be separately enumerated. In general, they are to the effect that the words complained of are not libelous, and that the complaint fails to state a cause of action by reason of want of allegations of certain items of special damages. There is controversy as to whether or not such allegations are necessary.

▉ Upon motions to dismiss, generally speaking, justice is more likely to be attained by leaving the merits of the cause to be disposed of after submission of proofs. The principles applicable to motions to dismiss, under Rule 12(b) of Rules of Civil

Procedure, 28 U.S.C.A. following section 723c, were clearly stated by the Circuit Court of Appeals of the Eighth Circuit, in the case of Leimer v. State Mutual Life Assurance Co., 108 F.2d 302, page 305, where it is said:

"Long before the Rules of Civil Procedure for the District Courts of the United States became effective, this Court had frequently disapproved the practice of attempting to put an end to litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, we said:

" 'A suit should not ordinarily be disposed of on such a motion (a motion to dismiss the bill for want of equity) unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * *

" 'That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill.' "

It is further said (page 306 of 108 F.2d): "In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12 (e) and thereafter applying for judgment on the pleadings under Rule 12(h)(1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. See and compare Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737, 740; Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843; Equitable Life Assurance Soc. of United States v. Kit, D. C., 26 F.Supp. 880, 882; Id., D.C., 29 F. Supp. 260."

See, also, 17 Hughes Federal Practice, § 20328; Moore's Federal Practice (1942 Supplement) page 617; Abel v. Munro, 2 Cir., 110 F.2d 647; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; Cohen v. United States, 8 Cir., 129 F.2d 733; Banks v. King Features Syndicate, D.C., 30 F.Supp. 352; Jacobs v. Peavy-Wilson Lumber Co., D.C., 33 F.Supp. 206; Sbicca-Del Mac, Inc. v. Milius Shoe Co., D.C., 36 F. Supp. 623.

Examination of the complaint and consideration of briefs filed are convincing that it cannot, at this stage of the proceedings, be said with certainty that no genuine issue of fact exists. In the case of Brookshire v. Whittemore, D.C., 2 F.R. D. 549, 550, Judge Miller said: "* * * If a genuine issue of fact exists, as appears from the opposing affidavits, the case is not one for decision either on a motion to dismiss or a motion for summary judgment, but should be passed to a trial on its merits. Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., supra [D.C., 37 F.Supp. 728]; Fleming v. Wood-Fruitticher Grocery Co., Inc., D.C., 37 F.Supp. 947."

An order will therefore be entered denying the motion to dismiss, without prejudice, however, to right of defendant to renew the motion upon similar grounds after the completion of proofs.