## CALABRESE et al. v. CHIUMENTO et al.
### No. C–2972.

District Court, D. New Jersey.
April 19, 1944.

Frank N. Lario, of Camden, N. J., for the motion.

Albert K. Plone, of Camden, N. J., opposed.

FORMAN, District Judge.

Plaintiffs, seventeen former employees of defendants, brought a representative action in behalf of themselves and all other employees and former employees similarly situated, against the defendants John Chiumento and Margaret Chiumento, individually and trading as Elm Dress Manufacturing Co., to recover from them unpaid minimum wages and unpaid overtime compensation, together with an ·,ʲⱴ ᵊᶜᶜᵃl amount of liquidated damages, aᵛˡ˙˙ ˡ˙˙˙ᶜᴼnable attorney's fees and costs of ᴼn ᴵⁿᵈᵉʳ § 16(b) of the Fair Labor ds

Act (hereinafter referred to as the "Act"), 29 U.S.C.A. § 216(b).

It is alleged in the complaint that "during the period of October 24, 1938, and July 1942," defendants, who are engaged in the manufacture of goods for interstate commerce, employed the plaintiffs and other employees similarly situated, to perform duties constituting an essential part of the production of defendants' goods without compensating them for overtime as provided by the Act. Several paragraphs of the complaint set forth, in addition, that certain of these persons were employed during specific periods and were not paid the aforesaid overtime compensation, ·and others were employed during different specific periods and were not paid the minimum wages set forth in the Act. The prayer for relief specifies the amount each named plaintiff seeks.

Defendants moved to dismiss the complaint upon the following grounds: (1) The particular addresses of the plaintiffs are not given; (2) in certain paragraphs it fails to state the particular names of plaintiffs and the number of hours for which they claim compensation; (3) it fails to set forth with particularity the claims, demands and nature of the causes of action of the plaintiffs. In addition, in their brief, the defendants urge that the complaint should be stricken because the plaintiffs set up a "class action" which cannot constitute res adjudicata to the entire class sought to be represented by the complaint.

Rule 8A of the Rules of the District Court of New Jersey provides as follows:

"The first pleading of either party filed in any cause in this Court shall contain the street and post office address of such party."

The objection of the defendant to the complaint that the address of each plaintiff is not given is well taken. However, failure to comply with this rule cannot be deemed to be fatal and to constitute a ground for the dismissal of the complaint. Within 10 days from the date of filing an order under this opinion, plaintiffs shall comply with the terms of the rule by filing an amendment to the complaint in which the addresses of the plaintiffs shall be recited.

Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a claim

for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b) (6) of these Rules, 28 U.S.C.A. following section 723c, provides that a motion to dismiss may be made for "failure to state a claim upon which relief can be granted." There is no requirement in the Rules that a pleading should state facts sufficient to constitute a cause of action.

"Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Dioguardi v. Durning, 2 Cir., 139 F.2d 774, at page 775.

The statement in the complaint in the instant case may not be fully clear or artistically drawn, but such objections are not the subject of a motion to dismiss. The Rules of Civil Procedure provide several means by which a defendant may compel the clarification of a claim or its disposition if unsubstantiated. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825; Johnson v. Johnson & Co., D.C., 2 F.R.D. 291. In Leimer v. State Mut. Life Assur. Co., supra, the court states in its opinion:

"In view of the means which the Rules of Civil Procedure afford a defendant to obtain a speedy disposition of a claim which is without foundation or substance, by either securing a more definite statement or a bill of particulars under Rule 12(e) and thereafter applying for judgment on the pleadings under Rule 12(h) (1), or by moving for a summary judgment under Rule 56, we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. See and compare, Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737, 740; Sierocinski v. E. I. Dupont De Nemours & Co., 3 Cir., 103 F.2d 843; Equitable Life Assurance Soc. of United States v. Kit, D.C., 26 F. Supp. 880, 882; Id., D.C., 29 F.Supp. 260." 108 F.2d 302, at page 306.

The second and third objections to the complaint made by the defendants in this motion fall within the scope of the cases cited herein. A remedy in each instance is provided by the Rules of Civil Procedure. Hence, these objections of the defendants must be overruled.

■ Defendants further attack the complaint by arguing in their brief that the plaintiffs have set up a "class action", which cannot be res adjudicata as to the entire class sought to be represented therein To support this contention, they cite cases [1] which maintain that a class action brought "in behalf of other employees similarly situated" is allowed under § 16(b) of the Act, supra, but that such action may only be prosecuted by *those employees who join in the action* and show that their position is similar, although not necessarily identical to that of the other plaintiffs. An adjudication on the merits is res adjudicata only as to those employees similarly situated who have participated as plaintiffs, for no judgment can be entered in favor of an employee unless he is a party to the action or has designated someone to represent him in the action. The distinction between a true class action contemplated by Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and a joinder of suits by employees "similarly situated", intended by § 16(b) of the Act, is clearly set forth and explained in the cases cited by the defendants and need not be further discussed here. See note 1, supra. Unless the plaintiffs within a reasonable time name other employees for whom they assume to act, or other employees intervene herein or designate an agent or representative to maintain this action in their behalf, it will proceed on behalf of those plaintiffs presently named in the complaint only.

The motion to dismiss the complaint is accordingly denied.

---

[1] Lofther v. First Nat. Bank of Chicago, D.C., 45 F.Supp. 986; Gordon v. Paducah Ice Mfg. Co., D.C., 41 F.Supp. 980; Shain v. Armour & Co., D.C., 40 F.Supp. 488; Saxton v. W. S. Askew Co., D.C., 35 F. Supp. 519.