**HOWITT et al. v. ST. JOHN.**
**Civ. No. 26732.**

United States District Court
N. D. Ohio, E. D.
Nov. 10, 1949.

words "copies of which are attached" and ending with the words "fully set forth herein" be stricken because such allegations are evidentiary matters. These allegations have no place in the pleadings, violate Federal Rules of Civil Procedure, Rule 8(a), 28 U.S.C.A. and are possibly prejudicial. Karen v. Ethyl Gasoline Corp., U.S.D.Ct., N.Y., Clancy, J. The allegations will be stricken from the complaint.

Defendant's motion to strike will be overruled except where otherwise indicated.

■ Defendant also moves that certain specifications of damages be made more definite. It is sufficient to say that the allegations relating to damages are not so vague that defendant cannot frame a responsive answer. The information desired may be obtained by recourse to the Rules of Discovery. Motion denied.

John M. Drain, Cleveland, Ohio, John H. Gately, Chicago, Ill., for plaintiff.

Williams, Reynolds, Murray & Deeg, Columbus, Ohio, Miller & Hornbeck, Cleveland, Ohio, Thos. K. M. Victory, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for personal and property injury arising out of defendant's alleged negligence.

Defendant has filed motions to strike and to make the complaint more definite.

■ Defendant asks that several sections of the complaint be stricken because they state conclusions of law. If conclusions of law are relevant and raise issues, the mere fact that they may be conclusions of law does not require that they be stricken from the complaint. French v. French Paper Co., D.C., 1 F.R.D. 531.

■ Defendant also asks that the allegations in paragraph (1) beginning with the