**736**

## UNITED STATES v. RIZZO et al.

United States District Court
E. D. New York.
March 19, 1954.

Irving P. Kartell, New York City, for defendants, for motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Gerald M. Carey, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

RAYFIEL, District Judge.

The defendants move under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint herein.

The complaint sets forth five causes of action against the four defendants named in the notice of motion herein. The first cause of action, against all of the defendants, alleges fraud in obtaining certain Government contracts therein referred to and described; the second alleges that the defendant Susan Castelli, with knowledge of the fraudulent plan and scheme referred to in the first cause of action, received and made distribution of the funds thereby received; third, against all four defendants, alleges that in violation of section 51 of Title 41 U.S.C.A. they received gifts, gratuities, fees, commissions, etc., in connection with subcontracts under the contracts referred to in subparagraph (k) of paragraph Sixth of the complaint herein, with intent to defraud the plaintiff; the fourth, against the defendant Carmine Rizzo, alleges that, with intent to defraud the plaintiff, and in violation of law and executive order, he caused contracts to be let without bids therefor; and the fifth, against the defendants, Carmine Rizzo, Gaspare Castelli and John De Santis, alleges that because of their presentation of false claims against the United States, in violation of section 231 of Title 31 U.S.C.A., the plaintiff has sustained the losses stated in the complaint.

■ It is well settled that in motions of this kind the allegations of the complaint must be viewed in the light most favorable to the plaintiff. The Court of Appeals for the Eighth Circuit, in the case of Leimer v. State Mutual Life Assurance Co., 108 F.2d 302, at page 306, stated " * * * We think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. (Citing cases.)"

■ Only the third cause of action fails to meet this test. The plaintiff bases its claim thereunder on Title 41 U.S.C.A. § 51, the provisions of which appear to be limited to "cost-plus-a-fee or other cost reimbursable" contracts whereas the agreements sued under

herein provide for fixed prices. Paragraph "Sixth" of the complaint alleges that, "said contracts provided for payments to said defendants, Gaspare Castelli and De Santis *at the rate* of $2.00 per hundred words translated * *." (Emphasis added.)

Accordingly, the motion is granted as to the third cause of action and denied as to the others.

Settle order on notice.