**John E. MILLER, Plaintiff,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Defendant.**

**Civ. A. No. 1510.**

United States District Court,
W. D. Missouri, C. D.

Dec. 22, 1969.

John E. Miller, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM H. BECKER, Chief Judge.

Plaintiff, formerly a state convict confined in the Missouri State Penitentiary, in his complaint herein under the Federal Civil Rights Act, states that he was required by defendant, under threat of "starvation and punishment in the hole", to perform in prison industry "a job that was known to be dangerous and hazerdous (sic) to any one"; and that as a result plaintiff "did suffer greatly" and "lost his thumb". Plaintiff therefore asks $1,000,000 in actual damages and $1,000,000 in punitive damages.

Defendant now moves to dismiss this cause because, as he contends, it is barred by the applicable state statute of limitations. Defendant asserts, and offers his affidavit to show, that the alleged injury was sustained by plaintiff on March 30, 1964. Therefore, defendant argues that, since the complaint herein was filed on October 31, 1969, the five-year Missouri statute of limitations applicable to personal injury actions, Section 516.120, RSMo, had run.

On a motion to dismiss, however, the allegations of the complaint must be viewed in the light most favorable to plaintiff. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A. 8) 410 F. 2d 650; Leimer v. State Mut. Life Assur. Co. (C.A. 8) 108 F.2d 302. Plaintiff states that he was not released from the Missouri State Penitentiary until sometime between October 31, 1969, and November 10, 1969. It is true, as defendant asserts, that analogous state statutes of limitations apply to actions under the Civil Rights Act. Thus, the "savings clause" of Section 516.170,

RSMo, applies in this case. It provides as follows:

"If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time of the cause of action accrued be . . . imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than his natural life, such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 after such disability is removed."

It is therefore

Ordered that defendant's motion to dismiss be, and it is hereby, denied.