**Martha Jo SCHLAFKE, a minor, by and through her next friend, William J. Hill, Plaintiff,**

v.

**Delmar G. VAN DORIN, Defendant.**

**Civ. A. No. 17948–3.**

United States District Court,
W. D. Missouri, W. D.

March 5, 1970.

---

18. 337 F.2d at 34.

19. Also reported in full in 16 R.R.2d 2095.

M. Randall Vanet, Kansas City, Mo., for plaintiff.

William H. Sanders, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BECKER, Chief Judge.

This is a diversity action in which plaintiff alleges in her complaint that she is a citizen of Georgia and that defendant is a citizen of Iowa; that plaintiff was a passenger in a motor vehicle driven by defendant on July 20, 1969, when, because of defendant's operation of the vehicle in a "negligent and careless manner", the vehicle left the highway and struck a culvert in a crossover, "thereby causing plaintiff to sustain the severe and permanent injuries hereinafter set out." Plaintiff demands damages in the sum of $125,000.

Defendant has moved to dismiss the complaint, contending (1) that plaintiff is in reality a citizen of Iowa and therefore that no diversity exists in this case, and (2) that under the "signifcant relationship" test in respect of choice of law recently enunciated by the Missouri Supreme Court in Kennedy v. Dixon, Mo., 439 S.W.2d 173, the Iowa guest statute applies to bar recovery herein in the absence of any allegation of driving while under the influence of intoxicating liquor or of reckless operation.

On a motion to dismiss, however, the allegations of the complaint must be viewed in the light most favorable to plaintiff. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A.8) 410 F.2d 650; Leimer v. State Mut. Life Assur. Co. (C.A.8) 108 F.2d 302. Plaintiff clearly alleges in the complaint that, at the time of the filing of the complaint on December 30, 1969, she was a citizen of Valdosta, Georgia. In opposition, defendant only states that "[i]t is submitted that at the *time of the accident* in

question both plaintiff and defendant were citizens of the State of Iowa. The citizenship remained the same through the time plaintiff filed suit and to the present although plaintiff may have temporarily resided in the State of Georgia." (Emphasis added.) It is citizenship at the time of the filing of the complaint, however, which is determinative of this question. Plaintiff has clearly alleged hers to have been Georgia. Defendant does not attempt to pierce the allegations of the complaint by offering affidavits or other verified proof in opposition. Therefore, plaintiff's allegation must be accepted as true and this contention in support of the motion to dismiss deemed without merit.

■ Second. Defendant contends that the "significant relationship" of this action is centered in Iowa under the new doctrine of Kennedy v. Dixon, *supra*, and conclusively so, since the parties, as defendant contends, are both citizens of Iowa. As noted above, however, for the purposes of this motion, it must be assumed that plaintiff is a resident of Georgia. Further, it is not disputed that the accident alleged in the complaint took place in the state of Missouri. Further, in Restatement § 145 of the Conflict of Laws, embodying the rule adopted in Kennedy v. Dixon, *supra*, the following contacts are to be considered in determining the "significant relationship":

"(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered."

The pleadings herein show that Missouri is the state which is indicated by both considerations (a) and (b). Defendant therefore relies on his assertion that

Iowa is the actual domicile of plaintiff to establish that considerations (c) and (d) should compel the application of Iowa law. As noted above, however, defendant undertakes to state no facts in this regard, either in his motion, in the suggestions in support thereof, or by affidavit or other verified proof. Defendant rather lays considerable emphasis on the holdings in cases following the rule of Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R. 2d 1, a case which considered the place of the relationship between the parties determinative in attempting to uphold a claim against challenges of the applicability of a guest statute. The persuasiveness of *Babcock* in Missouri, however, is very doubtful in view of the rule of Kennedy v. Dixon, *supra*. Defendant has stated no facts or conclusions which would conclusively show at this stage of the case, that Iowa law should apply under the *Kennedy* doctrine. The second contention is therefore without merit, and the motion to dismiss should be denied.

■ It is to be noted that defendant has requested an "oral hearing" on his motion to dismiss. But the entire motion seems to be predicated upon the bare statement that plaintiff's domicile was in Iowa at one time, and therefore that it must be presumed to have been there at the time of the filing of the complaint, in spite of defendant's admission that there had been a later move by plaintiff to Georgia. By this means defendant appears to attempt to place the burden of proof in any hearing on plaintiff to show that she moved to Georgia with the requisite intent to establish a domicile there. Indeed, defendant does not make any profession of having information that she did not move or that she did not have such a requisite intent. And the presumption of continuance of a domicile once established cannot prevail on a motion to dismiss against plaintiff's allegation in her complaint that she resided in Georgia at the time of the filing of the complaint, which, on a motion to

dismiss, must be viewed as true in accordance with the cases cited above.

For the foregoing reasons, it is

Ordered that defendant's motion to dismiss be, and it is hereby, denied.