**David W. CLINTON, Plaintiff,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.**

**Civ. A. No. 1450.**

United States District Court,
W. D. Missouri,
Central Division.

Oct. 13, 1970.

**596**

David W. Clinton, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

In his "petition for injunctive relief and declaratory judgment" which plaintiff was granted leave to file in forma pauperis on July 8, 1969, plaintiff alleges that he is denied "access to many books on black history, contemporary poetry and sociology"; that his family sent him some books on black history, which defendants refused to deliver him until 14 cents postage was paid; that plaintiff was subsequently placed in maximum security "and has been unable to get any information on the books that were sent him"; that defendants ban books relating to black culture while books on George Wallace, Bull Connors and Robert Shelton are "approved reading material"; that the renting by inmates and use by other inmates of pornographic material is "sanctioned by Director Fred T. Wilkinson, Warden Harold Swenson and their agents"; and that the ban on black culture literature "hinders the plaintiff from adequately preparing himself for the entirely new social orders with which he will be faced upon release."

On August 29, 1969, plaintiff's request for injunctive relief was denied, but plaintiff was permitted to maintain any complaint which he might have for ordinary relief as one under the Federal Civil Rights Act, Sections 1981–88, Title 42, United States Code. It was then the position of the Court that, viewing the allegations of the complaint in the light most favorable to plaintiff (in accordance with the rule of Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed. 2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A. 8) 410 F.2d 650; and Leimer v. State Mut. Life Assur. Co. (C.A. 8) 108 F.2d 302), plaintiff may have stated violations of the Fourteenth Amendment. The Court then distinguished the case at bar from Abernathy v. Cunningham (C.A. 4) 393 F.2d 775, where it was held that prison officials properly banned Elijah Muham-

mad's "Message to the Blackman in America" as being unduly inflammatory and disruptive of prison discipline by noting that:

> "In this case  *  *  *  plaintiff alleges that the ban has taken place, not by means of a valid, uniformly-enforced prison regulation, but simply because of racial prejudice and that white supremacy books which are at least of equal inflammatory quality  *  *  *  are permitted and approved by defendants."

On reconsideration of the complaint, however, in the light of more recent authority on the internal discipline of prisons (see e. g., Holt v. Sarver (W.D. Ark.) 309 F.Supp. 362) as well as in the light of the principles of civil rights actions, it became apparent that plaintiff may not have stated any claim of a denial of any of his federally protected rights. Accordingly, the Court determined that the complaint should be dismissed unless plaintiff could state particular facts constituting a claim of denial of federally protected rights. Therefore, the Court entered its order on August 17, 1970, requiring plaintiff to state the particular facts supporting his claim, but plaintiff did not respond to the order. Therefore, the cause should be dismissed.

■■  It is elementary that the federal district court has the duty to view the complaint to determine whether it has jurisdiction of the case. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. A view of the complaint in the case at bar does not reveal any statement of a violation of a civil right within the contemplation of the Civil Rights Act. Plaintiff's statement that he did not receive certain books from his family until he had paid the postage due on them does not state any denial of any federal right. In the absence of exceptional circumstances not present in this case, certainly the state penitentiary and its officers are not required to bear the postage costs of incoming inmate mail. Further, plaintiff

makes no complaint about his being placed in maximum security confinement. It is well established that placement in maximum security confinement does not constitute cruel and unusual punishment per se. Courtney v. Bishop (C.A. 8) 409 F.2d 1185; Jackson v. Bishop (C.A. 8) 404 F.2d 571; Abernathy v. Cunningham, *supra*; Nolan v. Scafati (D.Mass.) 306 F.Supp. 1. Plaintiff does not state that his placement in maximum security was arbitrary or capricious, or that it was in violation of due process, or that the punishment thereby imposed on him was cruel and unusual punishment. Cf. Hancock v. Avery (M.D.Tenn.) 301 F.Supp. 786. Therefore, plaintiff does not clearly state the denial of any federally protected right in this regard.

Finally, in complaining generally of the "ban" on "black culture" books and the permitting of "white supremacy" reading material, plaintiff does not state that the ban has ever been exercised against him personally. His statement that he has been unable to discover whether his family has recently sent books to him because of his maximum security confinement neither states any interference with his right to use the mails or of free speech, nor in fact any denial of his rights by the defendants herein. Plaintiff does not state that he has ever been deprived of any "black culture" books which he sought to receive, read or keep. Plaintiff merely states that the presence of the ban has an adverse effect on his ability to obtain any books which he might sometime want to obtain. In Tyler v. Ciccone (W.D.Mo.) 299 F.Supp. 684, this Court held that when a prison regulation of free speech was invalid on its face "for infringing constitutional rights it is not necessary for an individual to seek to bring himself under its restrictive provisions to determine whether it is invalid as applied to him in order to have standing to challenge its validity." But it does not appear that the alleged "ban" is invalid on its face. Plaintiff does not state facts which indicate that the "ban"

which he alludes to discriminates unreasonably. See Holt v. Sarver, *supra*; Abernathy v. Cunningham, *supra*. Plaintiff does not even describe what kinds of books are allegedly suppressed by the "ban." Therefore, in the absence of any allegation that he has been brought within its allegedly restrictive provisions, plaintiff does not state any denial of a federally protected right because he does not state the facial invalidity of the alleged "ban."

Further, even if it is assumed to be true that defendants allow the traffic in pornographic materials within the penitentiary, plaintiff does not state the denial of any of his federal rights thereby.

 Assuming all of the allegations of the complaint herein to be true in accordance with Conley v. Gibson, *supra,* it must be concluded that plaintiff does not clearly state the denial of any federally protected right and that unless plaintiff can state under oath certain specific supplemental facts, the complaint herein should be dismissed for failure to state a claim under the Federal Civil Rights Act. Therefore, on August 17, 1970, this Court entered its order directing plaintiff to file a statement under oath within 10 days in which he stated:

> "(1) whether the 'ban' against black culture books was exercised against him personally; (2) whether the 'ban' included all books on black culture or only those apt to foment violence among the prison population and (3) what mail defendants have prevented him from receiving from his family."

To date, however, petitioner has not responded to that order. Because the allegations of the complaint do not, without more, state a claim under the Federal Civil Rights Act, this cause should be dismissed for failure to state a claim under that Act.

This decision in the case at bar is supported by the holding of the United States Court of Appeals in Burns v. Swenson (C.A. 8) 430 F.2d 771 (August 31, 1970). In *Burns*, the Court held that the mailing privileges of state prisoners could be circumscribed by reasonable restrictive regulations. Further, the rule of *Burns* in respect of maximum security confinement, requiring more to constitute cruel and unusual punishment than such confinement alone without aggravating circumstances, is consistent with the rule of Courtney v. Bishop and Jackson v. Bishop, *supra*. In this case, the allegations of the complaint do not make any case of cruel and unusual punishment. Further, it can hardly be unreasonable to require a prisoner to pay postage due on mail received by him. Plaintiff was given an opportunity to supplement or amend his complaint to state a claim, but he failed and refused to respond to the Court order requesting him to file a particular statement of his claims.

For the foregoing reasons, this cause must be dismissed for failure to state a claim under the Federal Civil Rights Act. The allegations of the complaint do not state any other basis of federal jurisdiction.

It is therefore

Adjudged that this cause be, and it is hereby, dismissed.